UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-----------------------------------------------------------------X

RICHARD RICHARDSON,

                              Plaintiff,

**MEMORANDUM AND ORDER**

       -against-

09 CV 4647 (ARR) (LB)

NEW YORK CITY;
NEW YORK CITY TRANSIT POLICE;
OFFICER PROVIDENCE, # 19061;
JOHN DOE SHIELD # 13885; and
JOHN DOE TOUR COMMANDER,

                           Defendants.

-----------------------------------------------------------------X

ROSS, United States District Judge.

*Pro se* plaintiff Richard Richardson brings this action pursuant to 42 U.S.C. § 1983.

Plaintiff's application to proceed *in forma pauperis* is granted. The Clerk of Court shall send a

copy of this Order and the Complaint to the New York City Law Department and to plaintiff.

## BACKGROUND

According to the Complaint, the circumstances leading to this action arose at the Jay

Street subway station in Brooklyn on October 14, 2009 at approximately 1 p.m. Plaintiff alleges

that he approached a police officer, with shield number 13885, "an India looking male

approximately 5'7" 175 pounds," and asked the officer if he could ride the train without paying

the fare. (Compl. at 1-2.) The officer denied the request, and a discussion ensued. Thereafter,

plaintiff alleges, "Officer Providence shield # 19061 Black male approximately 5'11" and 195

pounds grab[bed] me with both of his hands by my black jacket and put me up against the wall

with my back on the wall and ask[ed] for ID." (Compl. at 2.) "I said for what and ask[ed] to see

a commander officer, because I didn't do anything wrong, and at this point Officer Providence

grab[bed] my left arm, got hold of my left middle index finger, bend it and twist it, told me don't

move and put my other arm behind my back and put on white long hand cuff resist on me." [*sic*]

(Compl. at 2-3.) He was made to stand against the wall in a corner for a long time. Eventually,

plaintiff alleges, the officers cut the cuff band off, returned his ID, issued ticket # 102462764,

and told him to leave. (Compl. at 3.) The next day, plaintiff filed a complaint with Internal

Affairs.

Plaintiff asserts that this incident violated his civil rights, because he suffered physical

injury, was falsely detained, and was issued a "false ticket." (Compl. at 3.) He demands $5

million in damages.

## DISCUSSION

A.     Standard of Review

The district court must dismiss a case if it determines that the action "(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, a

pro se plaintiff's submissions are held "to less stringent standards than formal pleadings drafted

by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519,

520 (1972)). Indeed, a court must "read the pleadings of a pro se plaintiff liberally and interpret

them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276,

280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal

reading of the complaint "gives any indication that a valid claim might be stated," the court must

grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000);

Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

B.      Civil Rights Allegations

Plaintiff alleges that defendants' actions violated his civil rights.  A claim for violation of

constitutional rights is cognizable under 42 U.S.C. § 1983.  In order to maintain a section 1983

action, a plaintiff must allege two essential elements.  First, "the conduct complained of must

have been committed by a person acting under color of state law."  Pitchell v. Callan, 13 F.3d

545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other

grounds by Daniels v. Williams, 474 U.S. 327 (1986)).  Second, "the conduct complained of

must have deprived a person of rights, privileges or immunities secured by the Constitution or

laws of the United States."  Pitchell, 13 F.3d at 547.  "Section 1983 itself creates no substantive

rights[,] ... only a procedure for redress for the deprivation of rights established elsewhere."

Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471

U.S. 808, 816 (1985)).  To bring a claim pursuant to section 1983, a plaintiff must also show that

each of the named individuals is personally involved in the unconstitutional conduct.  See Green

v. Bauvi, 46 F.3d 189, 194 (2d Cir.1995).

The New York City Transit Police is a division of the New York City Police Department

(NYPD), which is an agency of the City of New York.  The NYPD and its divisions, including

the Transit Police, may not be sued directly; instead, any suit against the NYPD must be brought

against the City of New York.  See Jones v. Nat'l Commc'n and Surveillance Networks, 409 F.

Supp. 2d 456, 469 (S.D.N.Y. 2006)("City agencies, like federal and state agencies, are immune

to suit to the extent that the suits 'shall be brought in the name of the City of New York and not

in that of any agency.'" (quoting N.Y. City Charter § 396)).  Although the City of New York may

be sued, a municipality can be liable under § 1983 only if a plaintiff can show that a municipal

3

policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. Tuttle, 471 U.S. at 823-24. Here, plaintiff fails to allege any unconstitutional municipal policy or custom that could serve as the basis for section 1983 liability. Accordingly, all of Plaintiff's claims against New York City and the New York City Transit Police are dismissed.

In addition, plaintiff names John Doe Tour Commander as a defendant, but the complaint fails to include allegations against this individual. Accordingly, all claims against this defendant are dismissed.

## C.   Identifying the John Doe Defendants

Plaintiff brings claims for excessive force and unlawful detention against Officer Providence and John Doe Shield # 13885. Plaintiff describes the John Doe defendant as "an India looking male approximately 5'7" 175 pounds." (Compl. at 1.)

The United States Marshals Service will be unable to serve the John Doe defendant without further identifying information. The problem encountered by plaintiff is a common one, as it is frequently difficult for pro se litigants to identify individual law enforcement officers. In Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit made clear that a pro se litigant is entitled to assistance from the district court in identifying a defendant.

One means of dealing with this identity issue would be to permit plaintiff to conduct discovery against the City of New York, to serve interrogatories and document requests in an

4

effort to identify this officer, and once identified, to ascertain his whereabouts for purposes of service. Then plaintiff would amend his complaint and initiate service upon the identified defendant. This process is not only cumbersome for a pro se plaintiff, it often does not achieve results.

Accordingly, the court hereby requests the Corporation Counsel for the City of New York to ascertain the full names of the individuals whom plaintiff has partially identified as Officer Providence, shield number 19061, and John Doe, shield number 13885, and provide the addresses where these defendants can currently be served, within 45 days of the date of this order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names and badge numbers of these officers, summonses shall be issued, and the court shall direct service on these defendants.

## CONCLUSION

For the reasons set forth above, all of the claims against the City of New York, the New York City Transit Police, and John Doe Tour Commander are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue against these defendants. The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Plaintiff's excessive force and unlawful detention claims shall proceed against Officer Providence and John Doe Officer, shield number 13885. The court respectfully directs the Clerk of Court to mail a copy of this order and the complaint to the New York City Law Department. Once Corporation Counsel has provided the requested information for these defendants, the Clerk of Court is directed to amend the caption of the complaint to reflect that information. The Clerk is further directed to issue summonses to those defendants, and the United States Marshals

Service is directed to serve copies of the complaint as amended by the Clerk, this order, and the summonses on these defendants. The court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
       November 6, 2009