

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

LISA M. RICHARDSON
*Assistant Corporation Counsel*
phone: (212) 442-0832
fax: (212) 788-9776
email: lrichard@law.nyc.gov

November 4, 2011

BY ECF
Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   Richardson v. P.O. Providence, et al., 09 CV 4647 (ARR)(LB)

Dear Judge Ross:

    I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter on behalf of defendants Police Officer Providence and Police Officer Dyal (collectively "defendants"). As Your Honor may recall, on October 7, 2011, the Court adopted the parties' proposed briefing schedule for defendants' renewed motion for summary judgment. Defendants filed their motion papers on October 13, 2011, and plaintiff filed three documents over the next two weeks, the latest one being filed on October 28, 2011. Defendants now write in brief response to plaintiff's opposition papers.

    As an initial matter, defendants point out that plaintiff's filings appear to oppose defendants' motion for summary judgment on the grounds that plaintiff was falsely arrested, issued a "false" summons, and subjected to excessive force. However, this Court has previously found that there was probable cause for the issuance of a summons to plaintiff, that any force used against plaintiff was reasonable, and that at a minimum the defendant officers would be entitled to qualified immunity. Accordingly, defendants respectfully submit that the Court should disregard plaintiff's arguments on these points. Moreover, plaintiff fails to make any argument as to why his detention was excessive, other than his belief that he should not have been stopped and issued a summons at all. Plaintiff has failed to respond to any of defendants' arguments in their renewed motion for summary judgment, and as such we respectfully request that the Court dismiss the remaining claims against defendants Officer Providence and Officer Dyal.

Finally, defendants note that plaintiff once again argues that he is entitled to relief because defendants had previously made an offer of settlement to him prior to engaging in motion practice. As discussed in defendants' first motion for summary judgment, Fed. R. Evid. 408, prohibits plaintiff from attempting to use the fact that defendants engaged in settlement negotiations in order to prove liability. In light of this fact, defendants respectfully submit that plaintiff's arguments regarding the prior offer of settlement cannot be properly considered here.

In light of the above, defendants respectfully that the Court dismiss the Complaint against them, and grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Lisa M. Richardson
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   BY MAIL
      Richard Richardson
      *Plaintiff Pro Se*
      Cadman Plaza Post Office
      P.O. Box 22886
      Brooklyn, NY 11202