FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 06 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
RICHARD RICHARDSON,

        Plaintiff,

   -against-

SERGEANT LYNDON PROVIDENCE, Shield No. 19061, and POLICE OFFICER JASWANT DYAL, Shield No. 13885,

        Defendants.
---------------------------------------------------------------- X

09-CV-4647 (ARR) (LB)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

Richard Richardson, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Police Officers Lyndon Providence and Jaswant Dyal of the New York City Police Department ("NYPD") for alleged violations of his constitutional rights during an incident in the Jay Street subway station in Brooklyn on October 14, 2009. In an Opinion & Order issued on August 22, 2011, this court dismissed plaintiff's claims for false arrest, malicious prosecution, and excessive force, and granted defendants' leave to file a renewed motion for summary judgment with respect to plaintiff's remaining claims for unreasonable detention and failure to intervene. Now before the court is defendants' renewed motion for summary judgment. For the reasons set forth below, the motion is denied.

## I. BACKGROUND

The court assumes familiarity with its August 22, 2011 opinion dismissing plaintiff's claims for false arrest, malicious prosecution, and excessive force. All that remains is plaintiff's claims that Sergeant Providence unreasonably detained him for approximately an hour and a half

1

with his hands bound by a plastic restrainer and facing the wall at the Jay Street subway station, and that Officer Dyal failed to intervene on plaintiff's behalf.

## II. DISCUSSION

Defendants have moved for summary judgment against plaintiff's remaining claims on the grounds that (1) plaintiff's detention was not unreasonable because he was released prior to the 48-hour presumption of unreasonableness, (2) plaintiff was not detained out of ill will or solely for the sake of delay, (3) defendant Dyal had no duty to intervene because plaintiff suffered no constitutional injury, and (4) both defendants are entitled to qualified immunity.

### A.   Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, a moving party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250 (1986). "'While genuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party . . . materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotation marks omitted)). In determining whether there is a genuine issue of material fact, "the district court is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Weyant v. Okst, 101 F.3d 845, 854 (2d Cir. 1996) (citing Anderson, 477 U.S. at 255). "[T]he moving party may obtain summary

judgment by showing that little or no evidence may be found in support of the nonmoving party's case." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994); Celotex, 477 U.S. at 322 ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.").

**B.     Unreasonable Detention**

As noted in the court's previous opinion, the objective test for excessive force set forth in Graham v. Connor, 490 U.S. 386 (1989), also applies to plaintiff's claim for unreasonable detention under the Fourth Amendment. Bryant v. City of New York, 404 F.3d 128 (2d Cir. 2005) (applying the Graham test to determine the reasonableness of pretrial detentions following warrantless arrests). "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397 ("An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional."); see Nimely v. City of New York, 414 F.3d 381, 390 (2d Cir. 2005). Thus, the question on summary judgment is whether, in light of the facts and circumstances as plaintiff has described them, it was objectively reasonable for defendants to make plaintiff stand against the wall with his hands restrained behind him for an hour and a half while defendants stood "talking" and "joking" around with one another. The court finds that it was not.

A pre-trial detention of more than 48 hours before a probable cause hearing is presumptively unreasonable. County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991). A detention of fewer than 48 hours may also be unreasonable if it is unreasonably prolonged, for example, "for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake." Id.; Bryant, 404 F.3d at 137; cf. Lemmo v. McKoy, No. 08-cv-4264 (RJD), 2011 WL 843974, at *6–7 (E.D.N.Y. March 8, 2011) (observing that although a police officer's intentions are not elemental to the Graham test of reasonableness, the intentional, gratuitous use of force is usually unreasonable).

In Bryant, the NYPD arrested demonstrators who were blocking a roadway in violation of directives to remain on the sidewalk. 404 F.3d at 130-31. The plaintiffs in that case, who were held in police custody between 5 and 23 hours before being released, brought suit under § 1983, alleging that their constitutional rights were violated by the NYPD's decision to hold them in custody rather than issue them desk appearance tickets to appear for arraignment at a future date. Id. at 132. Upon review of the district court's entry of summary judgment for defendants, the Second Circuit held that the "plaintiffs [fell] well short of showing that the refusal to issue desk appearance to them immediately following their arrests and processing was objectively unreasonable." Id. at 138. First, the detentions were not presumptively unreasonable because they were fewer than 48 hours in duration. Id.; see County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991) (holding that persons arrested without a warrant must be brought before a neutral magistrate promptly, generally within 48 hours of arrest). Second, the NYPD had good reasons for making custodial arrests rather than issuing desk appearance tickets. There was an unruly crowd of around 4,000 demonstrators on the street that evening, and the substantial police manpower was needed to keep it under control. Bryant, 404 F.3d at 138. Making custodial

arrests both kept the most violent demonstrators from rejoining the crowd and also allowed for the arresting officers to be quickly redeployed to crowd control, since less paperwork was required for a custodial arrest than for a desk appearance ticket. Id. at 133.

In the present action, plaintiff's detention did not approach the 48-hour mark; rather, he was released with a civil notice of violation after an hour and a half. But this observation does not end the court's inquiry. McLaughlin, 500 U.S. at 56 ("This is not to say that the probable cause determination in a particular case passes constitutional muster simply because it is provided within 48 hours. . . . [T]he arrested individual can prove that his or her probable cause determination was delayed unreasonably."); see also Bryant, 404 F.3d at 138 (considering the reasonableness of detaining arrested demonstrators for 6 to 9 hours before releasing them and voiding their arrests); but cf. Hernandez v. City of New York, No. 00 Civ. 9507 (RWS), 2004 WL 2624675, at *6 (rejecting on the basis of McLaughlin the plaintiff's claim for unreasonable detention where he was detained for 3 to 5 hours in a subway station after having been arrested for passing between cars while the train was in motion). "Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake." McLaughlin, 500 U.S. at 56; Bryant, 404 F.3d at 137. Plaintiff has alleged that defendants arbitrarily and capriciously detained him for an hour and a half out of ill will or for delay's sake. See Pl. Dep. at 48-49 (noting that officers were "talking" and "joking" with one another while he stood against the wall and, upon his release, defendant Providence stated: "[A]sshole. Do you feel like doing five years standing up in that corner[?]"). This is sufficient to withstand summary judgment.

Unlike in Bryant, where defendants demonstrated an uncontroverted need to redeploy police officers for crowd control, and prevent demonstrators from joining an unruly crowd, here

5

defendants offer no indisputably good reason for their prolonged delay. Defendants' purported justifications for the hour and a half restraint are that, during this period of detention, defendants (1) obtained plaintiff's identification from his wallet in his pants pocket and (2) wrote out and issued plaintiff a transit summons—a one-page, hastily filled out form that includes plaintiff's biographical information and a one-sentence description of the alleged violation. See Transit Summons, annexed as Ex. D to Declaration of Lisa M. Richardson. It is doubtful that these tasks took more than mere minutes to complete and it cannot be said as a matter of law that they provide justification for the hour and a half detention of plaintiff, standing, bound and against the wall.[1] Viewing the facts in the light most favorable to plaintiff, a genuine issue of material fact exists at to whether Mr. Richardson's prolonged detention was unreasonable and motivated by ill will.

Defendants point out that the existence of probable cause to arrest—which the court found in its prior opinion—permitted defendants to execute a full arrest even for plaintiff's minor transit violation pursuant to Atwater v. Lago Vista, 532 U.S. 318, 354 (2001), which would include transporting plaintiff to the precinct for processing and potentially holding him for 48 hours before his arraignment. Defendants reason that detaining plaintiff for merely an hour and a half at the subway station therefore cannot constitute an unreasonable detention as a matter of law. The court disagrees. That defendants may have lawfully arrested plaintiff for his minor transit violation does not preclude liability for a lesser period of detention, if the detention itself was unreasonable.

---

[1] Defendants argue that plaintiff's restraint was necessary because of the admittedly minor altercation that took place between plaintiff and the arresting officers. As the court noted in its previous opinion, defendants' use of force, including placing plaintiff's wrists in plastic restraints, was found reasonable as a matter of law. It is the length of detention, standing, with hands bound, and facing a wall that, if true, makes out a claim under the Fourth Amendment.

Traffic stop cases, though not directly on point, provide a useful and oft-litigated analogy. Under Atwater, a police officer does not run afoul of the Fourth Amendment for executing an arrest for a traffic violation—even for a non-arrestable offense—provided there is probable cause that the suspect committed some crime, however minor. Nevertheless, it is well-settled that a police officer issuing a traffic ticket may not unreasonably delay a motorist once a ticket is issued, and the reason for the seizure expired. Illinois v. Caballes, 543 U.S. 405, 407 (2005); United States v. Bernacet, No. 11 Cr. 107 (LTS), 2011 U.S. Dist. LEXIS 101258, at *5 (S.D.N.Y. Sep. 7, 2011) ("A lawful seizure made pursuant a valid traffic stop 'can become unlawful if it is prolonged beyond the time reasonably required to complete that mission.'") (quoting Harrison, 606 F.3d at 45). Therefore, even when an officer elects to issue a traffic violation instead of making a formal arrest—saving the offending motorist a trip to the police station and considerable delay and inconvenience—an unreasonably prolonged and unjustified seizure after the issuance of the ticket may still offend the constitution. Similarly here, that Sergeant Providence could have much more seriously inconvenienced plaintiff does not excuse unreasonable conduct. Of course, plaintiff "ha[s[ no 'right to be released the instant the steps to . . . write a ticket [ ] had been completed. . . . [T]he fourth amendment does not require the release of a person arrested on probable cause at the earliest moment that step can be accomplished. What the Constitution requires is that the entire process remain reasonable.'" Harrison, 606 F.3d at 45 (quoting United States v. Childs, 277 F.3d 946, 953-54 (7th Cir. 2002)) (finding delays after a traffic ticket is issued of up to five minutes, fourteen minutes, and seventeen minutes does not offend the constitution). Where, as here, however, a material issue of fact exists as to whether plaintiff was detained, with his hands bound, facing a wall, for a period significantly longer than necessary, and there is evidence in the record that, drawing all inferences in favor of

plaintiff, such detention was motivated by ill will, plaintiff properly states a claim that the process of his detention was not reasonable.

**D.     Failure to Intervene**

Because defendants' only basis for dismissing plaintiff's claims for failure to intervene against Officer Dyal is that plaintiff cannot establish a violation of any constitutional right, and this court has found that a material issue of fact exists as to whether plaintiff was unreasonably detained, the claim against Officer Dyal also cannot be dismissed on this ground.

**E.     Qualified Immunity**

As an alternative to dismissal of the unreasonable detention and failure to intervene claims, defendants also move for summary judgment on the basis of qualified immunity. Because there are facts in dispute about whether, and if so, the extent to which defendants unreasonably detained plaintiff, I conclude that defendants are not entitled to summary judgment, even on the basis of qualified immunity.

The doctrine of qualified immunity shields police officers from personal liability for damages for "official conduct that 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Ricciuti, 124 F.3d at 127 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Defendants are not entitled to summary judgment "if any reasonable trier of fact could find that the defendants' actions were objectively unreasonable." Id. at 420. An officer's actions are objectively unreasonable if no reasonably competent officer would have acted the same way under similar circumstances. Id. at 420-21.

Although immunity is usually an issue for the court, where the facts are disputed, "jury consideration is normally required" and the court should not grant qualified immunity. Oliveira, 23 F.3d at 649; see also Curry v. City of Syracuse, 316 F.3d 324, 334-35 (2d Cir. 2003)

(summary judgment based either on the merits or on qualified immunity requires that no dispute about material factual issues remain); Mickle v. Morin, 297 F.3d 114, 122 (2d Cir. 2002) (where the circumstances are in dispute, a defendant is not entitled to judgment as a matter of law on a defense of qualified immunity); McKelvie v. Cooper, 190 F.3d 58, 63 (2d Cir. 1999) ("Where, as here, there are facts in dispute that are material to a determination of reasonableness, summary judgment on qualified immunity grounds is not appropriate."); Weyant, 101 F.3d at 852 (holding summary judgment is only appropriate if no dispute exists "as to the pertinent events and the knowledge of the officers"). Summary judgment on qualified immunity grounds is inappropriate here because the essential factual circumstances—e.g., how long plaintiff was restrained while facing the wall, the reasons why and extent to which these reasons were justified, and whether defendants acted out of ill will—are in dispute. These disputes bear directly upon whether it was objectively reasonable for defendants to believe that they were acting lawfully and necessitate that the court let a jury decide these issues. See Oliveira, 23 F.3d at 650.

## III. CONCLUSION

For the reasons set forth above, defendants' renewed motion for summary judgment is denied.

SO ORDERED.

;/S/

Allyne R. Ross
United States District Judge

Dated: April 6, 2012
Brooklyn, New York

SERVICE LIST

    <u>Pro Se Plaintiff</u>
    Richard Richardson
    Cadman Plaza Post Office
    P.O. Box 22886
    Brooklyn, NY 11202-2886